FILED
U.S. DIST. COURT
BRUNSWICK DIV

2005 MAY 18 A 11 41

CLERK
         OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TRACY L. MERRELL,

    Plaintiff,

vs.

    CIVIL ACTION NO.: MC205-001

STATE OF GEORGIA,

    Defendant.

## ORDER

Tracy Merrell ("Merrell"), an inmate currently incarcerated at the Federal Correctional Institution in Coleman, Florida, filed a "Motion to Quash State Warrant . . . ." Merrell was convicted in this Court on May 13, 2003, after pleading guilty to one count of distributing cocaine hydrochloride. Merrell was sentenced to 96 months' imprisonment, and he asserts that his tentative release date is December 12, 2009. Merrell contends that, as a result of the federal conviction obtained in this Court, the State Board of Pardons and Paroles of the State of Georgia informed him that he violated the terms of his state parole, which the State granted on February 2, 1996. The Board of Pardons and Paroles revoked Merrell's parole, and the revocation is to run concurrent with his current federal sentence. The maximum release date on the State charges is June 24, 2011. Merrell asks this Court to remove the State of Georgia warrant and/or to adjust such violation to time served based on the United States Supreme Court decisions of Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). (Doc. No. 2, p. 2.)

AO 72A
(Rev. 8/82)

A review of Merrell's motion reveals that his requested relief is appropriately characterized as a petition for writ of habeas corpus filed pursuant to 28 U.S.C.A. § 2254. Section 2254 provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C.A. § 2254(a) (Emphasis added). Merrell is contesting the decision of the Board of Pardons and Paroles of the State of Georgia to revoke his state parole. Such an action by the Board of Pardons and Paroles is a judgment of a State court within the meaning of § 2254. See Dill v. Holt, 371 F.3d 1301, 1301 (11th Cir. 2004) (noting that the judgment of the Alabama Board of Pardons and Paroles to revoke a petitioner's parole resulted in the petitioner being in custody pursuant to his original state conviction and sentence); see also Jones v. Cunningham, 371 U.S. 236, 243, 83 S. Ct. 373, 377, 9 L. Ed.2d 285 (1963) (indicating that a prisoner placed on parole is still "in custody" under the unexpired part of his sentence for habeas purposes).

Because Merrell is still "in custody" of state officials, he must comply with § 2254's exhaustion requirement. According to this statute, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C.A. § 2254(b)(1)(A). The exhaustion requirement means that a prisoner attacking a State court judgment "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the

2

State's appellate review process.'" Dill, 371 F.3d at 1301 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed.2d 1 (1999)).

Merrell has failed to show that he has exhausted his available remedies provided by the Georgia courts. Should Merrell wish to pursue his cause of action, he may do so by filing Merrell, Petitioner v. State Board of Pardons and Paroles of the State of Georgia, Respondent in the Fulton County Superior Court, as that county is where the named respondent resides. If after exhausting *all* of his available remedies in the state courts Merrell is unsatisfied with the results, he may file a federal habeas petition, pursuant to section 2254, in the Northern District of Georgia.

Merrell's Motion to Quash State Warrant (Doc. No. 1) is **DISMISSED**, without prejudice. Merrell's Application to Proceed In Forma Pauperis (Doc. No. 2) is also **dismissed**. The Clerk of the Court is authorized and directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this _18th_ day of _May_, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

MERRELL

vs

STATE OF GEORGIA

CASE NUMBER: MC205-1

DIVISION: BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 5/18/05, which is part of the official record of this case.

Date of Mailing: 5/18/05

Date of Certificate: [X] same date, or _____

Scott L. Poff, Clerk

By: _____
Sherry Taylor, Deputy Clerk

**Name and Address**

Tracey Merrell, FCI Coleman, P.O. Box 1031, Coleman, FL 33522l

☐ Copy placed in Minutes
[X] Copy given to Judge
☐ Copy given to Magistrate